IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSITY OF WESTERN AUSTRALIA, SAREPTA THERAPEUTICS, INC., and SAREPTA INTERNATIONAL C.V., <br><br> Plaintiffs, <br><br> v. <br><br> ACADEMISCH ZIEKENHUIS LEIDEN, BIOMARIN PHARMACEUTICAL, INC. and BIOMARIN NEDERLAND B.V., <br><br> Defendants. | Civil Action No. 16-109-LPS-CJB |

## REPORT AND RECOMMENDATION

Plaintiffs University of Western Australia, Sarepta Therapeutics, Inc. and Sarepta International C.V. ("Plaintiffs") filed this action pursuant to 35 U.S.C. § 146, seeking review of the rulings of the Patent Trial and Appeal Board of the United States Patent and Trademark Office in Interference No. 106,013, declared on September 29, 2014 ("the Interference"). (D.I. 1; see also id., exs. A-E) Presently pending before the Court are Plaintiffs' "Unopposed Motion to Transfer[,]" seeking transfer of this case to the United States Court of Appeals for the Federal Circuit ("Motion to Transfer"), (D.I. 10), and Defendant BioMarin Pharmaceutical, Inc.'s ("BioMarin Pharm.") "Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(B)(1)" ("Motion to Dismiss"), (D.I. 11). For the reasons set out below, the Court GRANTS Plaintiffs' Motion to Transfer, and recommends that the Motion to Dismiss be DENIED as moot.

The Motion to Transfer is premised on the holding of the Federal Circuit in *Biogen MA, Inc. v. Japanese Foundation for Cancer Research*, 785 F.3d 648 (Fed. Cir. 2015), *cert. denied*,

1

No. 15-607, 2016 WL 1078942 (U.S. Mar. 21, 2016). (D.I. 10 at 1) In *Biogen*, the Federal Circuit held that "the [Leahy-Smith America Invents Act] eliminated district courts' subject matter jurisdiction under pre-AIA 35 U.S.C. § 146 to review decisions in interference proceedings declared after September 15, 2012." *Biogen*, 785 F.3d at 660. A petition for certiorari to the Supreme Court of the United States was subsequently filed, seeking review of the *Biogen* decision. On March 21, 2016, the Supreme Court denied the petition. *Biogen*, 2016 WL 1078942, at *1; (D.I. 10 at 1). Pursuant to the Federal Circuit's clear and undisturbed holding in *Biogen*, this Court lacks subject matter jurisdiction to review the Interference at issue in this case, which was declared after September 15, 2012.

Once it was known that the Federal Circuit's decision in *Amgen* would remain in effect, Plaintiffs filed their unopposed Motion to Transfer on March 23, 2016. (D.I. 10 at 1-2) Prior to filing their motion, Plaintiffs conferred with all Defendants, who agreed that this Court lacks subject matter jurisdiction to hear this case and further assented to relief sought by Plaintiffs. (*Id.* at 1; D.I. 12 at 2)

Where a court finds that it lacks jurisdiction, it may transfer the action "to any other . . . court in which the action or appeal could have been brought[,]" so long as such a transfer "is in the interest of justice[.]" 28 U.S.C. § 1631; *see also* (D.I. 10 at 2). It is not disputed that Plaintiffs could have originally filed this action in the Federal Circuit pursuant to 35 U.S.C. § 141. (D.I. 10 at 2); *see also Biogen*, 785 F.3d at 652.

Accordingly, the Court GRANTS Plaintiffs' unopposed Motion to Transfer this action to the Federal Circuit. It further recommends that Defendant BioMarin Pharm.'s Motion to Dismiss be DENIED as moot. The Motion to Dismiss was filed only because an answer to Plaintiffs'

2

Complaint was then due; BioMarin Pharm. agrees that this motion need not be decided if this Court has already transferred the case. (D.I. 12 at 2)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: April 5, 2016

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE